UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD DIAMOND, <br><br> Plaintiff, <br><br> -v.- <br><br> THOMAS CALAWAY and LISA CALAWAY, <br><br> Defendants. | 18 Civ. 3238 (KPF) <br><br> **OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

KATHERINE POLK FAILLA, District Judge:

Pending before the Court is the October 25, 2019 Report and Recommendation from United States Magistrate Katherine H. Parker (the "Report"), addressing Plaintiff Todd Diamond's request for a default judgment award of $3,196,149.76, consisting of compensatory damages, consequential damages, and attorneys' fees. Judge Parker recommends that Plaintiff be awarded compensatory damages, along with contractual and pre-judgment interest, and attorneys' fees, but that Plaintiff be denied consequential damages.

The Court has examined the Report and notes that no party has objected within the fourteen-day period from its service, as provided by 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court finds no error in the Report and adopts it in its entirety.

# BACKGROUND[1]

The relevant facts underlying this action are set forth in the Report, and the Court assumes familiarity with them. A brief overview of the relevant facts is set forth herein.

Plaintiff was an investor in Nima, a company that dealt in scrap metal. (Report at 2). Plaintiff provided $650,000 in funding to Nima and also personally guaranteed a $500,000 loan to Nima from a third party (the "Nima Loan"). (*Id.*). By November 2012, the amount of principal and fees owed under the Nima Loan was $550,000, and Nima was in default of its obligations under the Nima Loan by February 2013. (*Id.* at 2-3).

In or about early 2013, the managing member of Nima introduced Plaintiff to Defendant Thomas Calaway, identifying him as a potential investor in Nima. (Report at 3). Mr. Calaway identified himself as a "person of means," but claimed that he needed a short-term loan of $250,000 to pay off a gambling debt before he could make use of trust assets he was entitled to. (*Id.*). Plaintiff agreed to loan $250,000 to Mr. Calaway in exchange for repayment, contractual interest, and a promise by Mr. Calaway to invest $700,000 in Nima, with the goal that Mr. Calaway's investment would allow Nima to pay off the Nima Loan. (*Id.* at 3-4). Plaintiff and Mr. Calaway entered into a Guaranteed Promissory Note (the "Note") governing the $250,000 loan (the "First Loan"), for which Mr. Calaway promised both to repay the principal plus

---

[1] This Opinion draws its facts largely from the Report (Dkt. #79).

15% interest when the First Loan matured on March 5, 2013, and to fund a $700,000 investment in Nima upon the release of his trust assets. (*Id.* at 4). The personal guaranty attached to the Note provided that Mr. Calaway would be responsible for "the Costs," without defining the term. (*Id.*).

On March 5, 2013, Mr. Calaway informed Plaintiff that he would default on the First Loan because he still did not have access to his trust. (Report at 4). Mr. Calaway did then default on his obligation to repay the loan and to invest in Nima. (*Id.* at 5). Mr. Calaway represented to Plaintiff that in order to gain access to his trust, he needed to show that he had no debts, but Mr. Calaway did in fact have some debts and owed property taxes. (*Id.* at 5). Therefore, in April 2013 Plaintiff agreed to extend another $250,000 short-term loan (the "Second Loan") to Mr. Calaway in order to assist him in clearing his remaining debts and qualifying for access to his trust. (*Id.*). The Second Loan had the same terms as the First Loan, albeit with a different maturity date. (*Id.*). However, Mr. Calaway defaulted on this loan as well and never invested any money in Nima. (*Id.*). All payments made by Plaintiff to Mr. Calaway were deposited in a credit union account owned by Defendant Lisa Calaway ("Mrs. Calaway"), and Plaintiff claims that this arrangement was part of a scheme by both Mr. and Mrs. Calaway to defraud him. (*Id.* at 5-6).

Plaintiff filed his Complaint in this action on April 16, 2018, alleging a wide variety of claims regarding the First and Second Loans. (Dkt. #6). Plaintiff additionally alleged that, because Mr. Calaway failed to invest in Nima, Nima was forced to default on the Nima Loan, leaving Plaintiff liable as

guarantor to Nima's creditor. (Report at 6). Over the course of the action, Defendants repeatedly failed to comply with their discovery obligations, leading this Court to warn Defendants that a failure to comply would result in a default judgment against them. (Dkt. #59). This Court subsequently entered a default judgment against Defendants on April 29, 2019. (Dkt. #61).

Following Plaintiff's motion for damages on May 6, 2019 (Dkt. #62), the Court referred this case to Judge Parker for an inquest on damages (Dkt. #63, 64). Judge Parker held an inquest hearing on August 14, 2019, at which Plaintiff testified. (Report at 7). Defendants neither responded to Plaintiff's motion nor appeared at the inquest hearing, despite receiving notice of both. (*Id.*). On October 25, 2019, Judge Parker issued her Report and Recommendation, recommending that Plaintiff be awarded: (i) the principal amounts due under both Loans, totaling $500,000; (ii) the contractual interest amounts due under both Loans, totaling $75,000; (iii) pre-judgment interest from the dates of maturity through the date of final judgment, totaling $338,218.15; and $3,243.55 in litigation costs. (*Id.* at 18, 27). Judge Parker further recommended that Plaintiff's request for consequential damages, stemming from the default of the Nima Loan, be denied. (*Id.* at 25). Judge Parker instructed Plaintiff to file any objections to the Report on or before November 8, 2019, and instructed Defendants to do likewise on or before November 11, 2019. (*Id.* at 29). Neither party filed any objections to the Report.

**DISCUSSION**

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Grassia* v. *Scully*, 892 F.2d 16, 19 (2d Cir. 1989). A court may also accept those portions of a report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Ramirez* v. *United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012) (citation omitted). A magistrate judge's decision is clearly erroneous only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley* v. *Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States* v. *U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "A party's failure to object to a report and recommendation, after receiving clear notice of the consequences of such a failure, operates as a waiver of the party's right both to object to the report and recommendation and to obtain appellate review." *Grady* v. *Conway*, No. 11 Civ. 7277 (KPF) (FM), 2015 WL 5008463, at *3 (S.D.N.Y. Aug. 24, 2015) (citing *Frank* v. *Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

Because neither party has filed an objection to the Report, they have waived their right to object and to obtain appellate review. Even so, the Court has reviewed the Report and finds that its reasoning is sound and it is grounded in fact and law. Accordingly, the Court finds no clear error and adopts the Report in its entirety.

**CONCLUSION**

The Court has thus reviewed the Report for clear error and finds none. The Court agrees completely with Judge Parker's well-reasoned Report and hereby adopts its reasoning by reference. Accordingly, the Court hereby GRANTS Plaintiff's request for compensatory damages and costs as follows:

i. Principal amounts under both loans of $500,000;

ii. Contractual interest under both loans of $75,000;

iii. Prejudgment interest on the First Loan balance of $181,692.12;[2]

iv. Prejudgment interest on the Second Loan balance of $174,886.53;

v. Costs in the amount of $3,243.55, for a total of **$934,822.20**.

The Court DENIES Plaintiff's request for consequential damages.

The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated: March 13, 2020
New York, New York

KATHERINE POLK FAILLA
United States District Judge

---

[2] The Court has used the same simple interest calculation method used by Judge Parker, calculating the interest through the date of this Opinion.